**Stephen D. KANDIK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–153.**

United States Court of Veterans Appeals.

Nov. 16, 1995.

As Amended Nov. 22, 1995.

Before MANKIN, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

On further consideration of the pleadings submitted by both parties in this case, the Court has determined the need for additional memoranda. Accordingly, it is

ORDERED that, within 30 days after the date of this order, the Secretary file with the Court, and serve on the appellant, a memorandum which addresses the following questions:

(1) What is the statutory authority for 38 C.F.R. § 21.47(d) in light of the limitations on the period of eligibility provided in 38 U.S.C. § 3103?

(2) What is the maximum extent of counseling services available to the veteran pursuant to 38 C.F.R. § 21.100(a)(4) and (b)(1) and (3), taking into account the findings in the December 1990 psychological report (R. at 275–78), either as a recipient of employment assistance (*see* 38 C.F.R. § 21.35(j)) or other assistance under chapter 31 of title 38, U.S.Code, or as "a veteran requesting" such assistance (38 C.F.R. § 21.100(a)), or under any other applicable authority? To what extent, if any, did the veteran receive such counseling services?

(3) Does the veteran have any applications for vocational rehabilitation currently pending before VA (*see, e.g.,* R. at 181, 264–65; *see also* R. at 271)? If so, what is the status of such applications?

(4) Does the veteran's claims file reflect any information regarding the veteran's allegation that he was hospitalized in December 1986 at a "field hospital" in Mobile, Alabama (R. at 175), and whether any determination under 38 U.S.C. § 3103(b)(1) was made as to tolling the 12–year eligibility period due to medical infeasibility during any such period of hospitalization?

(5)(a) Does the theory of judicial tolling apply to the 18–month statutory period for employment assistance provided for in 38 U.S.C. § 3105(b)? (b) If it were determined that the 12–year eligibility-period limitation in 38 U.S.C. § 3103(a) delimited the provision of employment assistance under 38 U.S.C. § 3105(b); 38 C.F.R. §§ 21.47, 21.73, does the theory of judicial tolling apply to the 12–year eligibility period assuming that employment assistance had been improperly discontinued prior to the completion of the 18 month-period (R. at 256–57)? (c) As to questions (a) and (b), if judicial tolling is applicable, from what point does tolling begin (for example, application, termination of services, notice of denial of services)?

It is further

ORDERED that, within 30 days after service of the Secretary's memorandum, the appellant may file a memorandum addressing the same questions.